Dear Mr. Kuhn:
You requested the opinion of this office concerning whether the Washington Parish School Board (the "School Board") may enter into a contract with Bell South Mobility to provide discounted cellular phone service to all employees of the School Board. The School Board would receive a governmental agency discount rate for cellular service. The School Board would be billed directly by Bell South Mobility for each phone. The responsibility for collection of any amounts owed by each user would lie with the School Board. The users would pay the monthly billing directly to Bell South Mobility; however, if the user did not pay the bill, then Bell South Mobility would notify the School Board, who would then pay the delinquent bill by payroll deduction, pursuant to a payroll deduction agreement. If the employee terminates employment with the School Board leaving a delinquent bill with Bell South Mobility, the School Board would still be responsible for paying the delinquent bill.
R.S. 42:1461 states that a public official shall not "misappropriate, misapply, convert, or misuse or otherwise wrongfully take any funds, property, or other thing of value belonging to or under the custody or control of the public entity in which they hold office or are employed." Thus, under this statute, a School Board officer or employee would be prohibited from using public property, including a cellular telephone and cellular telephone service, which was issued to a public entity, for personal use unless that officer or employee has been given specific authority by the public entity.
Article VII, Section 14 of the Louisiana Constitution prohibits "the funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged o donated to or for any person, association or corporation, public or private." This provision prohibits public officers or employees from using the credit of the state or its political subdivision for personal purposes. Because the School Board is a political subdivision of the State, its officers or employees cannot use the School Board's property for personal use except in very restricted circumstances. See, for example, Attorney General Opinion No. 89-369, which held that family members may accompany a public official in a state-owned vehicle issued to the official if the travel by the official is for a public purpose. That opinion also states that the state should be reimbursed for any substantial cost incurred in excess of the cost had the family member not accompanied the official. The inference is that the use of public property is ordinarily prohibited under La. R.S.42:1461(A) if it is used for personal endeavors. However, the use can be remedied by reimbursing the public entity. Therefore, it would not be a violation of La. R.S. 42:1461(A) or La. Const. Art.VII, Sec. 14(A) to allow a public official or employee to use a cellular telephone issued to a public entity to make a personal telephone call in cases of extraordinary emergency if that official or employee promptly remits payment to the public entity as soon as possible after the charges are made, such that the credit of the public entity would not be extended for personal use. Public officers and employees should not routinely use a public entity's cellular telephones or cellular telephone service for personal use. In accord, see Op.Atty.Gen. 92-597 pertaining to the use of credit cards issued to a public entity.
You next asked, if the above described arrangement violates Article VII, Section 14, could the School Board charge a non-refundable participation fee for each user which would be set aside as a fund to pay any delinquent bills of the employee which may arise. It is the opinion of this office that even though, under this scenario, the funds of the School Board might not be extended for the personal debts of the public officers and employees, the terms of the Bell South Mobility contract would cause the credit of the School Board to still be extended for the personal debts or obligations of the public officers and employees. The violation of Article VII, Section 14 would occur even if the cellular telephones were not leased through the School Board but rather were personally purchased by the public official and employees.
It is assumed that the questions answered above do not pertain to the use of the cellular telephones or the cellular telephone service for official business of the public employee or official, as in that instance, the public official or employee should not be liable for payment of the bill. Your last question concerning to what extent cellular telephones should be made available to public officers and employees to satisfy a public need, i.e., school buses being supplied with cellular telephones in the event of emergency, is a factual determination which is best decided by the School Board.
Please note that while you furnished this office with a copy of the proposed contract with Bell South Mobility, this office has not reviewed same nor do we express any opinion whatsoever regarding that contract. Our opinion in this matter is based upon the facts related in your opinion request.
Trusting this adequately addresses your request, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
Mr. G. Wayne Kuhn Attorney at Law 1027 Main Street Franklinton, LA 70438
DATE RECEIVED: APRIL 10, 1995
DATE RELEASED: APRIL 27, 1995
MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL